8299. ARMSTRONG *et al. v.* WALTON, ordinary, for use, etc.

"1. As a general rule, the duration of liability under corporate indemnity bonds on the part of the insurer to the insured is coextensive with that of the 'risk' of the insured, in the absence of specific provision limiting the insurer's liability. The liability, of course, can not be made to extend to any acts prior to its 'execution, in the absence of specific covenant to that effect. The bond under consideration herein contained no specific limitations.

"2. Where the court has passed an order authorizing its receiver to reduce the bond previously given by him to a smaller amount as of a given date, providing that the bond when so reduced shall be deposited by the receiver or his surety with the clerk of the superior court, and ordering the receiver to pay the premium due for such new bond, and no new bond is in fact given, such order will not have the effect of modifying the original bond in any particular.

"3. The fact that the receiver had in his hands, on the date provided in the order for the reduced bond to take effect, more money than the amount for which judgment is asked would not prevent a recovery by the plaintiff of the full amount of the loss under the original bond.

"4. 'Where money is in the hands of a receiver for preservation to await final disposition by order or decree, and the same is deposited in a bank selected by himself, the receiver is personally liable therefor in the event of the failure of the bank.'

"5. Where the court orders its receiver to pay to the attorneys of record certain dividends due to creditors of an insolvent debtor, and the attorneys and the receiver agree that the receiver may mail checks directly to the clients of such attorneys, and the receiver fails to remit to a portion of them, such agreement will not relieve the bondsman of the receiver from liability for the amounts the receiver so fails to remit, although these amounts be lost with other funds placed by the receiver in a bank of his own selection, which fails.

"6. Where a receiver was required, by the terms of the order of appointment, to hold the funds coming into his hands as receiver subject to the order of the court, and, without any order for so doing, he deposited the funds in a bank of which he was cashier, which afterward failed, and thereby, as he averred, the funds were lost, his omission to pay out funds under an order of court declaring a dividend, and failure on his part to make "substantial" compliance with the provisions of the Civil Code, § 2351, relative to the making of annual returns, would result in a forfeiture of his commissions as receiver."

DECIDED MAY 14, 1918.

Action upon bond; from Richmond superior court—Judge H. C. Hammond. August 16, 1915.

*William H. Fleming,* for plaintiffs in error.

*Callaway & Howard,* contra.

BLOODWORTH, J. Every material question raised in the motion

for a new trial in this case was certified to the Supreme Court. The headnotes above quoted are those prepared by that court in connection with their answers to the certified questions. A full report of the opinion of the Supreme Court will be found in 147 *Ga.* 781 (95 S. E. 714). These answers show that no error of law was committed in the trial of the case, and as there was ample evidence to support the verdict, no error was committed in overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*